UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE HOBSON,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:24-cv-00750-AGF |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Maurice Hobson's[1] motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. On August 22, 2023, Petitioner pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *United States v. Hobson*, Case No. 4:22-cr-00173-AGF, ECF No. 79.[2] The Court accepted Petitioner's plea and, on January 11, 2024, the Court sentenced Petitioner to 38 months' imprisonment, followed by three years of supervised release.

In his pro se motion under § 2255, Petitioner raises four grounds for relief: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; (3) judicial bias; and (4) violations of his constitutional rights. As the record conclusively demonstrates that

---

1 Petitioner's motion purports to be from Maurice Hanafi Bey on behalf of Maurice Hobson. *See* ECF No. 1 at 1. Both names refer to Petitioner.

2 References to the underlying criminal case will be designated as "Crim. Doc. No. __."

Petitioner is not entitled to relief, the Court will deny Petitioner's motion without a hearing.

## BACKGROUND

### Criminal Proceedings

As part of a guilty plea agreement signed by both parties, Petitioner stipulated to the following facts. On February 8, 2022, Petitioner was pulled over for failing to stop at a traffic light. During the stop, an officer saw that Petitioner was in possession of a handgun and seized it for officer safety. Officers then discovered that Petitioner was a convicted felon, and the handgun was determined to be a Canik TP9 Elite SC handgun. An expert firearms examiner determined that the handgun had been manufactured outside of Missouri, and, therefore, had been transported across state lines prior to or during Petitioner's possession.

On March 30, 2022, Petitioner was indicted and charged with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He initially pled not guilty, and the Court appointed counsel on May 2, 2022. Crim. Doc. No. 15. Shortly thereafter, Petitioner indicated that he would like to proceed pro se. Crim. Doc. No. 27. During the ensuing *Faretta*[3] hearing, however, Petitioner "refused to answer basic questions necessary to complete the inquiry" and focused only on challenging the Court's jurisdiction. Crim. Doc. No. 31 at 2. He then filed a pro se "Writ of Habeas Corpus Ad

---

[3] *Faretta v. California*, 422 U.S. 806 (1975).

Subjiciendum" reiterating that, as a "Moorish American National," the Eastern District of Missouri lacked jurisdiction over him. Crim. Doc. No. 29.

Following the Government's motion to strike the writ (Crim. Doc. No. 30), Magistrate Judge Bodenhausen issued a Report and Recommendation ("R&R") where he found both personal and subject matter jurisdiction over Petitioner. Crim. Doc. No. 31 at 5. As such, Judge Bodenhausen recommended that Petitioner's jurisdictional challenges be denied. *Id.* at 7. Judge Bodenhausen also construed Petitioner as advancing "more general sovereign citizen arguments" and recommended that such arguments be rejected as frivolous. *Id.* at 6–7. Upon de novo review, the Court overruled Petitioner's objections and adopted the R&R. Crim. Doc. No. 76.

On August 8, 2022, Petitioner renewed his request to proceed pro se. Crim. Doc. No. 35. The Court commenced another *Faretta* hearing, after which Petitioner withdrew his request. Crim. Doc. Nos. 38, 40. Despite his decision to proceed with counsel, Petitioner filed a pro se "Affidavit of Fact Memorandum" on May 16, 2023. Crim. Doc. No. 65. In his filing, Petitioner reaffirmed his status as a Moorish American National and once again argued that the Court lacked jurisdiction over him. *Id*. at 41. Because Petitioner was represented by counsel, the Court declined to consider the pro se correspondence. Crim. Doc. No. 66.

Petitioner pled guilty to one count of being a felon in possession of a firearm pursuant to a written plea agreement executed on August 22, 2023. Crim. Doc. No. 79. In exchange for Petitioner's guilty plea, the Government agreed not to prosecute Petitioner for any other violations of federal law resulting from the incident on February

8, 2022. At the change-of-plea hearing held the same day the plea agreement was executed, the Court offered Petitioner time to review its order denying Petitioner's jurisdictional objections. Crim. Doc. No. 101 at 8. Petitioner responded, "I don't think it'll be necessary with what the plea agreement's going to be consisting of." *Id.* When asked whether he was satisfied with counsel's representation, Petitioner affirmed that counsel was "doing what he's supposed to do" and that there was nothing that Petitioner had asked his attorney to do that he had not done. *Id.* at 10–11. Petitioner then confirmed that he understood the terms of the plea agreement and that he was giving up his right to appeal all non-jurisdictional, non-sentencing issues, including his previous pre-trial motions. Petitioner also affirmed that he was giving up his right to contest the conviction or sentence in any form of post-conviction proceedings except for claims of prosecutorial misconduct and ineffective assistance of counsel. *Id.* at 38–42. Finally, Petitioner confirmed that he was pleading guilty of his own free will and that no other promises were made to him to get him to plead guilty that were not included in the plea agreement. The Court ascertained the factual basis for the guilty plea and accepted the plea as knowing, intelligent, and voluntary.

On January 11, 2024, the Court sentenced Petitioner to 38 months' imprisonment and three years of supervised release. The imposed sentence represented a downward variance from the applicable Sentencing Guidelines range. Petitioner was advised of his appellate rights, but did not file an appeal.

**Motion to Vacate**

As noted above, Petitioner raises several claims in his § 2255 motion: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; (3) judicial bias; and (4) violations of his First, Second, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Amendment rights. The Government responds that Petitioner's claims are conclusory, contradicted by the record, waived, or otherwise without merit.

## DISCUSSION

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." In his plea agreement, Petitioner waived all rights to contest his conviction or sentence in a § 2255 proceeding, except for claims of ineffective assistance of counsel or prosecutorial misconduct. The Court will address Petitioner's ineffective assistance of counsel and prosecutorial misconduct claims before turning to the issue of waiver.

**Ineffective Assistance of Counsel**

To establish ineffective assistance of counsel, the petitioner must show that counsel's representation "fell below an objective standard of reasonableness" and that such "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). "If the petitioner makes an insufficient showing on one component,

the court need not address both components." *Kingsberry v. United States*, 202 F.3d 1030, 1032 (8th Cir. 2000).

To establish that counsel's performance was objectively unreasonable, the petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. To demonstrate prejudice in the context of a guilty plea, the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome or a substantial, not just conceivable, likelihood of a different result." *Meza-Lopez v. United States*, 929 F.3d 1041, 1044–45 (8th Cir. 2019) (citation modified).

"Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Id.* at 1045 (quoting *Lee v. United States*, 582 U.S. 357, 369 (2017)). "Instead, judges should look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.* (citation modified). In particular, a "defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Adams v. United States*, 869 F.3d 633, 635 (8th Cir. 2017) (citation omitted).

**1. Petitioner's Pro Se Filings**

Petitioner first alleges that counsel was ineffective for failing to support his pro se Writ of Habeas Corpus Ad Subjiciendum and Affidavit of Fact Memorandum. *See* Crim Doc. No. 29; Crim. Doc. No. 65. However, counsel is not ineffective for failing to lend credence to frivolous arguments. *See Thai v. Mapes*, 412 F.3d 970, 979 (8th Cir. 2005) (explaining that counsel's strategic decisions "cannot be challenged on the basis of a meritless claim"); *cf. Jones v. Barnes*, 463 U.S. 745, 751 (1983) (noting that a defendant cannot compel counsel to press nonfrivolous arguments that counsel decides not to present "as a matter of professional judgment"). Here, Petitioner's pro se filings raised arguments based on the purported sovereignty of the Moorish Nation specifically and sovereign citizenship generally that have been "summarily rejected as frivolous by federal courts around the nation." *State v. Bey*, No. 4:21-cv-166, 2021 WL 493463, at *2 (E.D. Mo. Feb. 9, 2021); *see also Missouri v. Bey*, No. 4:20-cv-197, 2020 WL 1032137, at *3 (E.D. Mo. Mar. 2, 2020) ("The United States does not recognize the Moorish Nation as a sovereign state, and defendant cannot unilaterally bestow sovereign immunity upon himself." (citations omitted)). Therefore, counsel did not render ineffective assistance by declining to support Petitioner's filings.

**2. Constitutionality of 18 U.S.C. § 922(g)(1)**

Petitioner next alleges that counsel was ineffective for failing to challenge the constitutionality of 18 U.S.C. § 922(g)(1) in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). By the time Petitioner pled guilty, however, the Eighth Circuit had already upheld the constitutionality of § 922(g)(1) under *Bruen*. *See United*

*States v. Jackson*, 69 F.4th 495, 501–02 (8th Cir. 2023) (*Jackson I*), *vacated*, No. 22-2870, 2024 WL 3768055 (8th Cir. Aug. 8, 2024); *United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023) (*Cunningham I*), *vacated*, 144 S. Ct. 2713 (mem.) (2024).[4] As such, counsel's decision to forgo a *Bruen* claim was not objectively unreasonable. *See Charboneau v. United States*, 702 F.3d 1132, 1137 (8th Cir. 2013) ("While the Constitution guarantees criminal defendants a competent attorney, it does not insure that defense counsel will recognize and raise every conceivable constitutional claim." (quoting *Anderson v. United States*, 393 F.3d 749, 754 (8th Cir. 2005))).

**3. Motion to Suppress Evidence, Indictment's Timeliness, and Withholding of Evidence**

Finally, Petitioner presents a series of conclusory allegations with respect to the ineffective assistance of counsel. He claims that counsel failed to file a motion to suppress evidence or otherwise challenge violations of his First, Second, Fourth, and Fifth Amendment Rights. Petitioner does not specify what evidence should have been suppressed, nor does he detail the manner in which his constitutional rights were allegedly violated. Petitioner next contends that counsel failed to challenge the timeliness of the indictment, which was filed more than thirty days after his arrest by state officers on February 8, 2022. However, the law is clear that "a *state* arrest does not

---

[4] Although both *Jackson I* and *Cunningham I* were vacated in light of *United States v. Rahimi*, 602 U.S. 680 (2024), on remand the Eighth Circuit again upheld § 922(g)(1) as constitutional. *See United States v. Jackson*, 110 F.4th 1120, 1129 (8th Cir. 2024) (*Jackson II*); *United States v. Cunningham*, 114 F.4th 671, 675 (8th Cir. 2024) (*Cunningham II*).

trigger the Speedy Trial Act's clock, even if the arrest is for conduct that is the basis of a subsequent indictment for a federal offense." *United States v. Beede*, 974 F.2d 948, 950–51 (8th Cir. 1992) (quoting *United States v. Mills*, 964 F.2d 1186, 1189–90 (D.C. Cir. 1992 (en banc))). Therefore, the Court does not see any basis for a timeliness claim, as Petitioner was not charged by complaint and was indicted prior to his arrest on federal charges. *See* 18 U.S.C. § 3161(b). Finally, Petitioner submits that counsel failed to challenge the withholding of evidence by the Government but does not specify what evidence was allegedly withheld. His conclusory allegations are simply insufficient to prove an ineffective assistance of counsel claim. *See, e.g.*, *Hill*, 474 U.S. at 60; *Estes v. United States*, 883 F.2d 645, 647 (8th Cir. 1989) (finding a conclusory allegation "insufficient to rebut the strong presumption of counsel's competence").

**Prosecutorial Misconduct**

Petitioner next asserts a claim for prosecutorial misconduct, alleging that the prosecutor withheld exculpatory evidence from the grand jury. ECF No. 1 at 4–5. Petitioner's claim is without merit, as "[t]he government is not obligated to present exculpatory evidence in grand jury proceedings." *United States v. Darden*, 688 F.3d 382, 387 (8th Cir. 2012); *accord United States v. Williams*, 504 U.S. 36, 51–52 (1992). And were there such an obligation, Petitioner fails either to specify what evidence was withheld or to establish actual prejudice from the alleged omission. *United States v. Exson*, 328 F.3d 456, 459 (8th Cir. 2003) (noting that grand jury proceedings are "afforded a strong presumption of regularity" and that "dismissal … is appropriate only if

the defendant shows actual prejudice”). His prosecutorial misconduct claim therefore cannot succeed.

**Waiver**

Section 2255 rights can be waived in a plea agreement if a defendant knowingly and voluntarily makes the “decision to be bound by the provisions of the plea agreement, including the waiver provisions.” *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000). The Government bears the burden to establish that (1) the claim falls within the scope of the waiver; (2) the defendant waived his rights knowingly and voluntarily; and (3) a dismissal “would not result in a miscarriage of justice.” *United States v. McIntosh*, 492 F.3d 956, 959 (8th Cir. 2007). In examining whether a plea was entered into knowingly and voluntarily, “[s]olemn declarations in open court carry a strong presumption of verity.” *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

As noted above, in his plea agreement, Petitioner agreed to waive all rights to contest his conviction or sentence in post-conviction proceedings, “except for claims of prosecutorial misconduct or ineffective assistance of counsel.” Crim. Doc. No. 79 at 7. To circumvent this waiver for his claims of judicial bias and constitutional violations, both of which fall within the waiver’s scope, Petitioner now challenges the validity of his guilty plea. Petitioner maintains that he was “suffering under mental incoherence” and “extreme mental anguish” during his change-of-plea hearing, such that he entered the plea agreement out of “necessity” rather than knowingly and voluntarily. ECF No. 1 at 5–6.

Petitioner's assertions are contradicted by the record. In the plea agreement itself, Petitioner expressly acknowledged that he was voluntarily entering into the plea agreement and guilty plea. Crim. Doc. No. 79 at 10. And during the plea colloquy, Petitioner stated that he was thinking clearly, that nothing about his "physical or mental condition" would make it hard for him to understand the proceeding, and that he was pleading guilty of his own free will. Crim. Doc. No. 101 at 7, 44. He also confirmed that he was not currently under the care of a physician or psychiatrist for any serious medical or mental issues, that he had never been treated for any mental health issues, that he was not taking any medications on a regular basis, and that there were no medications he was supposed to be taking that were not available to him. *Id.* at 6. He also repeatedly affirmed that he understood he would be waiving all claims except for ineffective assistance of counsel and prosecutorial misconduct. The Court thus concludes that Petitioner knowingly and voluntarily entered into the plea agreement, thereby waiving his right to bring claims of judicial bias and constitutional violations. The Court further concludes that enforcing Petitioner's post-conviction waiver will not result in a miscarriage of justice. *See Hunter v. United States*, 608 U.S. 713, 727 (2026) (noting that the miscarriage-of-justice exception "sets a high bar" and only applies to sentencing errors that are "egregious" and "obvious" and "would undermine public confidence in the judiciary"); *see also United States v. Williams*, 81 F.4th 835, 840 (8th Cir. 2023) (explaining that the "miscarriage-of-justice exception is a narrow one that arises in only limited contexts" (citation modified)). The Court will nevertheless address Petitioner's claims, which are without merit.

**1. Judicial Bias**

Petitioner alleges judicial bias on the part of the Magistrate Judge for failing to consider Petitioner's pro se Affidavit of Fact Memorandum. Before that filing, Petitioner had filed and withdrawn a motion for leave to proceed pro se following a *Faretta* hearing before this Court. Having decided to proceed with appointed counsel, Petitioner had no right to simultaneously proceed pro se. *See United States v. Maxwell*, 778 F.3d 719, 738 (8th Cir. 2015). Moreover, the mere fact that the Magistrate Judge reached a decision unfavorable to Petitioner is not dispositive of bias. *See Holloway v. United States*, 960 F.2d 1348, 1351 (8th Cir. 1992). There must be evidence that the circumstances are such that "the judge would be unable to hold the proper balance between the state and the accused." *Dyas v. Lockhart*, 705 F.2d 993, 997 (8th Cir. 1983). Petitioner has provided no such evidence, and the Court has no reason to doubt the Magistrate Judge's honest and impartial discharge of his duties.

**2. Petitioner's Constitutional Claims**

For the reasons discussed above, Petitioner also waived his claims regarding alleged violations of his constitutional rights by signing the plea agreement. Even if he had not, most of Petitioner's allegations are so vague that he presents no discernable claim. Petitioner generally alleges that his First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Amendment rights were violated, but he provides no further explanation. Petitioner's conclusory allegations thus offer no grounds for relief. *See, e.g.*, *Bryson v. United States*, 268 F.3d 560, 562 (8th Cir. 2001).

Petitioner's Second Amendment claim, though more specific, fails as well. Petitioner argues that 18 U.S.C. § 922(g)(1) is unconstitutional under *Bruen*, which requires that firearm regulations be "consistent with this Nation's historical tradition of firearm regulation." 597 U.S. at 17. As discussed above, the Eighth Circuit has consistently reached the opposite conclusion, rejecting both facial and as-applied constitutional challenges. *See Jackson II*, 110 F.4th at 1129; *Cunningham II*, 114 F.4th at 675 (rejecting an as-applied challenge by a non-violent felon). In *Jackson II*, for example, the court determined that "Congress acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons" because "legislatures traditionally employed status-based restrictions to disqualify categories of persons from possessing firearms." 10 F.4th at 1129.

Moreover, the cases on which Petitioner relies to question the constitutionality of 18 U.S.C. § 922(g)(1) are not persuasive. In *Atkinson v. Garland*, 70 F.4th 1018 (7th Cir. 2023), for example, the Seventh Circuit did not rule on the statute's constitutionality but merely remanded for the district court to conduct the necessary historical analysis. *Id.* at 1020. Moreover, each of the favorable district court opinions that Petitioner cites as purportedly persuasive authority were overturned on appeal. *See United States v. Bullock*, 123 F.4th 183, 184–85 (5th Cir. 2024) (per curiam); *United States v. Williams*, No. 24-1244, 2025 WL 1089531, at *1 (6th Cir. Apr. 11, 2025); *United States v. Prince*, 171 F.4th 1009, 1011–12 (7th Cir. 2026). In short, Petitioner's Second Amendment claim is both waived and without merit.

**Evidentiary Hearing**

As noted above, an evidentiary hearing is not warranted in this case, as "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *accord Guzman-Ortiz v. United States*, 849 F.3d 708, 715 (8th Cir. 2017) (holding that a district court may forego an evidentiary hearing before dismissing a § 2255 motion where, "accepting the petitioner's allegations as true, the petitioner is not entitled to relief") (citation omitted).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Maurice Hobson's motion filed under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Petitioner has not made a substantial showing of the denial of a federal constitutional right as required by 28 U.S.C. § 2253(c)(2).

A separate Judgment shall accompany this Memorandum and Order.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 28th day of September, 2026.